UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC McKERCHIE,

    Plaintiff,

v.

    File No. 2:13-cv-329

    HON. ROBERT HOLMES BELL

WISCONSIN CENTRAL LTD.,

    Defendant.
                                                /

## **OPINION**

This is a diversity case involving personal injuries sustained by an employee of an independent contractor. Plaintiff alleges one count for relief in his complaint, citing Restatement (Second) of Torts § 428, seeking to hold Defendant strictly liable for his injuries. Defendant filed a motion to dismiss and for summary judgment (Dkt. No. 5). Plaintiff filed a motion for leave to amend his complaint (Dkt. No. 8). The parties have filed corresponding responses and replies. On October 25, 2013, this case was transferred from the United States District Court for the Eastern District of Michigan to this Court.

The parties' motions present the following issues. First, whether Michigan or Wisconsin state substantive law should apply when the alleged injury took place in Wisconsin but neither party is a citizen of that state. Second, whether a federal court sitting in diversity should adopt a theory of tort liability that has not been accepted or rejected by a state's highest court. Third, whether justice requires allowing amendment of a complaint to include a claim for which a defendant asserts no admissible evidence exists. Finally, whether loading unbanded railroad ties onto a truck is an inherently dangerous activity. For the reasons that follow, the Court will grant in part and deny in part each party's motion.

## I. Background

The underlying facts, sparse as they are, are not disputed by the parties. Plaintiff, a Michigan resident (Compl., Dkt. No. 1 ¶ 2), was hired by non-party A.J.'s Railroad Contractors ("AJRC") to transport railroad ties. (*Id.* ¶ 6). Defendant, an Illinois entity, employed AJRC as its contractor. (*Id.* ¶ 5). Plaintiff was working on Defendant's yard located in Green Bay, Wisconsin. (Proposed Am. Compl., Dkt. No. 8-1 ¶ 8). The ties Plaintiff was loading were not banded together, and during loading fell upon Plaintiff and injured him in an unspecified manner. (Compl., Dkt. No. 1 ¶ 7).

## II. Analysis

### A. Arguments presented

Plaintiff's sole count for relief in his complaint is Defendant's alleged violation of Restatement (Second) of Torts § 428[1] which states:

> An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

Defendant argues that the complaint should be dismissed because Michigan has not recognized § 428 as a theory of tort liability. (Def.'s Mot., Dkt. No. 5 at 2). Alternatively, Defendant argues that the activity involved, loading railroad ties, is (1) not one that requires a public franchise; and (2) does not pose an unreasonable risk of harm. (*Id.*) Defendant also argues it is entitled to summary judgment based on:

> the general rule in Michigan (that an employer of a general contractor is not liable in negligence to third parties or employees of the independent contractor) governs

---

[1] Plaintiff's pleadings mistakenly refer to the Restatement (First) of Torts, which does not define the cause of action he seeks to assert.

2

> where WCL did not retain supervisory control, either by contract or practice, and where the subject activity is, by definition, not "inherently dangerous."

(*Id.* at 8).

Plaintiff responds by noting that Michigan courts *would* adopt § 428, based on the adoption of other Restatement sections by Michigan courts and a nearly two-and-a-half page string citation of cases from other jurisdictions adopting § 428. (Pl.'s Resp., Dkt. No. 9 at 2–5). Plaintiff argues that loading railroad ties requires a public franchise because the Restatement uses railroad work as examples of applications of § 428. (*Id.* at 2). Plaintiff also argues that "handling of railroad ties in this instance being part of the maintenance of ways, is an operational activity of railroading work." (*Id.* at 7). Plaintiff further argues that because there are "'risks inherent in railroad work'" (*id.*) (quoting *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 330 (1958)), that *any* work related to a railroad presents "an unreasonable risk of harm to others." (Pl.'s Resp., Dkt. No. 9 at 8).

Plaintiff has also moved for leave to file an amended complaint. (Pl.'s Mot., Dkt. No. 8). Nowhere in his filings has Plaintiff identified *why* he should be granted leave to amend his complaint. He merely asserts that the amendments are proposed to cure "alleged allegational deficiencies in the Complaint [sic]." (*Id.* at 1). Plaintiff, however, adds two new counts for relief: Negligent Direction/Supervision/Control and Inherently Dangerous Work Activity. (*Id.* at 2-3). Defendant challenges such amendments as futile. (Def.'s Resp., Dkt. No. 13 at 4–6). Given the overlapping nature of the arguments presented, these motions can be decided together.

**B.    Rule 12(b)(6) Motion Standards**

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable

inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012) (quoting *Iqbal*, 556 U.S. at 677). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Further, under Rule 10(c), the court can consider the exhibits attached to the complaint without converting defendants' Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

**C.    Legal Issues**

For purposes of the present motions, Defendant does not argue that Plaintiff's pleadings are factually insufficient, but rather that Plaintiff has failed to state a legally cognizable theory of liability. The basic underlying facts are therefore undisputed. Plaintiff was an employee of AJRC loading railroad ties in Defendant's Green Bay, Wisconsin, railroad yard. AJRC was a contractor hired by Defendant. While loading the ties, some of them fell and injured Plaintiff. The underlying issues turn on whether, as a matter of law, Defendant can be held liable for injuries sustained by an employee of its subcontractor.

1.    *Applicable Law*

Although not addressed by the parties in any of their pleadings or briefs, because this is a diversity case presenting state-law claims, and because the events giving rise to the case took place outside of Michigan, as a threshold matter the Court must determine what law to apply. It is well-settled that a federal court sitting in diversity must apply the conflict of laws principles of the forum state to determine which state's substantive law to apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Michigan courts apply Michigan law unless a "rational reason" exists to apply the law of another state. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). To determine if a rational reason exists, a court must undertake a two-step analysis:

(1) does another state have an interest in having its law applied, and if so; (2) do Michigan's interests mandate that Michigan law apply in spite of the foreign state's interest. *Id.* (citing *Olmstead v. Anderson*, 400 N.W.2d 292, 304 (Mich. 1987)). If no other state has an interest, the presumption that Michigan law applies cannot be overcome. *Sutherland*, 562 N.W.2d at 471.

According to the Michigan Supreme Court, "The injury state always has an interest in conduct within its borders, whether or not its citizens are involved." *Olmstead*, 400 N.W.2d at 304.[2] Here, it is undisputed that the injury took place in Green Bay, Wisconsin, and thus, that state has an interest in having its law applied to this case. Therefore, the Court must determine if Michigan's interest in this litigation outweighs Wisconsin's. Here, while Michigan certainly has an interest in vindicating the rights of its citizens, Wisconsin has a greater interest in regulating the conduct of entities, such as Defendant, who do business within its borders. The Court holds, therefore, that Wisconsin law applies to this case.

Even if Michigan law were to apply to this case, "when there is no conflict regarding the law between different states, no need exists to make a choice of law decision." *Saab Auto. AB v. Gen. Motors Co.*, 12-cv-13432, 2013 WL 3013677, at *4 (June 18, 2013 E.D. Mich.) (citing *In re Aircrash Disaster Near Monroe, Mich. on Jan. 9, 1997*, 20 F.Supp.2d 1110, 1111 (E.D.Mich.1998); *In re Rezulin Prods. Liab. Litig.*, 390 F.Supp.2d 319, 330 (S.D.N.Y.2005)). As explained below, the disposition of the present motions would be the same no matter which state's law is applied to the case.

---

[2]*Olmstead* distinguishes between a state's interest in regulating conduct and its interest in limiting damages. If the only issue is damages and the litigants are not citizens of the state where the injury took place, that state will have no interest in the litigation. *Olmstead*, 400 N.W.2d at 304.

2. *Restatement (Second) of Torts § 428*

Plaintiff's complaint and Count I of his proposed amended complaint seek relief under Restatement (Second) of Torts § 428. This section of the Restatement has neither been accepted, nor even considered, by Wisconsin courts. As Defendant notes in its briefing, while the Michigan Court of Appeals considered § 428 in *Candelaria v. BC General Contractors, Inc.*, 653 N.W.2d 630 (Mich. Ct. App. 2002), it did not adopt the theory of liability because the case could be decided on other grounds.

A federal court sitting in diversity in this situation must make the best prediction of what the Wisconsin Supreme Court would do if confronted with this question. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). In a case like this where the question of state law would "greatly expand[] liability" the Court "should chose the narrower and more reasonable path." *Id.* (quoting *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1412 (7th Cir. 1994)). Indeed, "federal courts sitting in a diversity case are in 'a particularly poor position ... to endorse [a] fundamental policy innovation'" *Combs*, 354 F.3d at 577–78 (quoting *Dayton v. Peck, Stow & Wilcox Co.*, 739 F.3d 690, 694 (1st Cir. 1984)). Where no authoritative voice from the state has spoke to the issue there is "no basis for even considering the pros and cons of innovative theories." *Combs*, 354 F.3d at 578 (quoting *Dayton*, 739 F.3d at 694). The reluctance to speak to issues of trends in state law applies "with special force to a plaintiff in a diversity case, like this one, who has chosen to litigate his state law claim in federal court." *Combs*, 354 F.3d at 577 (citing *Torres v. Goodyear Tire & Rubber, Inc.*, 867 F.2d 1234, 1238 (9th Cir. 1989)).

Given this strong admonition of the Sixth Circuit, supported by the sound reasoning of its Sister Circuits, this Court sees no wisdom in speculating whether Michigan or Wisconsin's Supreme

Court would adopt § 428 as a new theory of liability in either state. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and any amendment to add factual detail to a claim predicated on § 428 liability will be futile. Because the Court will dismiss Plaintiff's complaint for failure to state a claim, Defendant's alternative motion for summary judgment will be denied as moot.

**D.     Motion to Amend**

Although Plaintiff's complaint fails to state a claim upon which relief can be granted, his proposed amended complaint adds two additional grounds that the Court must consider. Leave to amend a complaint may be had as a matter of course within 21 days of filing the complaint, or 21 days after service of a responsive pleading is served, if one is required, or 21 days of service of motions under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After this period expires, leave to amend the complaint may be granted by the Court; the Court should grant such leave freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend the complaint is within this Court's sound discretion. *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003).

The Court may deny such leave, however, where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 589, 613 (6th Cir. 2005) (internal quotations and citations omitted). The Sixth Circuit has held that an amendment is futile "where [the] proposed amendment would not survive a motion to dismiss." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

8

1. *Negligent Supervision*

First, Plaintiff adds a count for negligent supervision. Plaintiff alleges: (1) that Defendant had a duty to supervise the activities on the work site (Proposed Am. Compl., Dkt. No. 8-1 ¶12), (2) that the activity leading to the injury took place in a common work area (*id.* at ¶13), and (3) that Defendant failed to properly supervise the activity by allowing railroad ties to be loaded that were "unbanded and unchocked which constitutes a breach of [Defendant]'s obligation to exercise reasonable care . . . in [its] supervision control an[d]/or direction of the subject activity." (*Id.* at ¶14). Defendant argues that Plaintiff has not properly alleged that it retained control of the subject activity because the declaration attached to the amended complaint does not contain admissible evidence. (Def.'s Resp., Dkt. No. 13 at 5). Defendant therefore argues the proposed amendment is futile. Defendant does not argue that the proposed amendment exhibits undue delay, bad faith or dilatory motive, or undue prejudice.

When deciding if a proposed amendment is futile, the proper inquiry is whether the amendment would survive a motion to dismiss. Therefore, the Court does not look to whether Plaintiff has presented admissible evidence to support his claim, but rather, taking the allegations as true, whether Plaintiff has stated a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

Under Wisconsin law, a principal employer of an independent contractor is generally not liable to the independent contractor's employees for injuries the employees sustain on the job. *Wagner v. Cont'l Cas. Co.*, 421 N.W.2d 835, 838 (Wis. 1988) One exception to this general rule is when the injuries are "caused by the principal employer's affirmative act of negligence." *Wagner*, 421 N.W.2d at 838 (citing *Barth v. Downey Co.*, 239 N.W.2d 92 (Wis. 1976). While the recital of facts are slight, Plaintiff has alleged that his injury was caused by Defendant's failure to properly

secure the railroad ties he was loading, and thus this count of his complaint would survive a motion to dismiss. Although Defendant has provided affidavits of its employees stating that Defendant did not supervise, nor have a duty to supervise, Plaintiff's work, such evidence is more properly presented in a motion for summary judgment, and not in opposition to a motion for leave to amend a complaint.

Even if Michigan law applied, the result would be the same. Michigan imputes liability to a general contractor for injuries sustained by an employee of an independent contractor when:

> (1) that the defendant contractor failed to take reasonable steps within its supervisory and coordinating authority (2) to guard against readily observable and avoidable dangers (3) that created a high degree of risk to a significant number of workmen (4) in a common work area.

*Ormsby v. Capital Welding, Inc.*, 684 N.W.2d 320, 327–28 (Mich. 2004) (citing *Funk v. Gen. Motors Corp.*, 220 N.W.2d 641 (Mich. 1974)). Again, while skirting dangerously close to "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, Plaintiff has alleged facts which, taken as true, plausibly "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Therefore, because his proposed amendment would survive a motion to dismiss, the amendment is not futile, and leave to amend will be granted.

2. *Inherently Dangerous Work Activity*

Plaintiff incorporates his other allegations by reference and alleges that

> loading of railroad ties onto a flatbed truck is an activity recognizable at the time of contracting the work as creating a peculiar risk of physical harm that, unless special precautions and/or great care are taken, such as banding or chocking, is an inherently dangerous work activity.

(Proposed Am. Compl, Dkt. No. 8-1 at ¶16.) Defendant argues that the amendment is futile because

10

Michigan caselaw "vitiate[s] [P]laintiff's claim that the subject activity was inherently dangerous." (Def.'s Resp., Dkt. No. 13 at 6.) Despite the application of Wisconsin law to this case, Defendant is correct that Plaintiff's proposed amendment is futile.

As stated above, Wisconsin generally does not allow recovery against a general contractor by an injured employee of an independent contractor. Another exception to this general rule is when the activity being performed by the employee is "abnormally dangerous." *Estate of Thompson v. Jump River Elec. Co-op.*, 593 N.W.2d 901, 904 (Wis. Ct. App. 1999). An activity is abnormally dangerous when "'the risk of harm remains unreasonably high no matter how carefully [the activity] is undertaken'" *Id.* (quoting *Wagner*, 421 N.W.2d at 840). However, "an activity which is inherently dangerous because of the absence of special precautions is not abnormally dangerous because one can take steps to minimize the risk of injury." *Thompson*, 593 N.W.2d at 904 (citing *Wagner*, 421 N.W.2d at 840). Plaintiff's own pleading acknowledges that the risk to him could have been minimized by the use of special precautions. (*See* Prop. Am. Compl., Dkt. No. 8-1 ¶16). Therefore, the subject activity at issue here was not abnormally dangerous as a matter of law. For this reason, Plaintiff's proposed amendment could not survive a motion to dismiss, and the amendment is futile.

The result is the same under Michigan law. The Michigan Supreme Court has rejected Plaintiff's theory of liability. *See DeShambo v. Nielson*, 684 N.W.2d 332, 335 (Mich. 2004) (holding that general contractors will only be liable to third parties injured by inherently dangerous activities undertaken by an independent contractor, but not to employees of the independent contractor). Thus, even if Michigan law applied to this case, Plaintiff's amendment would be futile, because the proposed count would not survive a motion to dismiss.

**III.**

For the foregoing reasons, Defendant's motion to dismiss will be granted, but its motion for summary judgment will be denied as moot. Plaintiff's motion for leave to amend is granted with respect to Count II of his proposed amended complaint, but denied as futile with respect to Counts I and III of the proposed amended complaint.

The Court will issue an Order consistent with this Opinion.


Dated: January 10, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE